IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**FERNANDO RODRIQUEZ**                                                                    **PETITIONER**

VS.                             **CASE NO. 5:11V00202 SWW/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                               **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

A writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed by Fernando Rodriquez, who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Rodriquez entered pleas of guilty to the charges of aggravated robbery and first-degree battery on October 27, 2008, in Pulaski County Circuit Court. The Judgment and Commitment was entered of record on November 10, 2008. The petitioner was sentenced to 120 months imprisonment on each conviction, with the terms to be served consecutively. In September of 2010, Mr. Rodriquez filed a Motion for Correction of Sentence with the trial court, alleging that the trial court intended for the sentences to run concurrently. The trial court denied the motion on October 22, 2010, specifically finding that the sentences were imposed consecutive to each other.

Mr. Rodriquez now advances three claims for habeas corpus relief:

1. The state failed to inform the petitioner, a non-English speaking alien resident, of the right of postconviction remedy;
2. The trial court erred in failing to follow the rules governing the acceptance and acting on a plea denying petitioner the right of due process; and
3. The petitioner was denied the effective assistance of counsel.

The respondent contends that the statute of limitations bars consideration of the claims. The respondent also urges that the claims are procedurally barred due to the petitioner's failure to timely

raise the claims and pursue them to final resolution in state court. By previous Order, the petitioner was notified of his opportunity to explain why the claims should not be dismissed as time-barred or due to procedural default. Mr. Rodriquez has submitted three pleadings in response to the Court's Order. *See* Docket entries nos. 14-16. We first address the issues of procedural default and the statute of limitations, and then will address the claims of Mr. Rodriquez.

**PROCEDURAL DEFAULT:** Liberally construing his pleadings, Mr. Rodriquez alleges he does not speak English and the law library at the Pulaski County Jail contained no Spanish legal materials during the time in which he could have filed an Arkansas postconviction petition. These factors, according to the petitioner, constitute cause for his failure to raise and pursue his claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. In considering this issue, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)).

**STATUTE OF LIMITATIONS:**

Respondent contends that the petitioner's judgment became final on or about November 10, 2008, when the trial court entered the Judgment and Commitment pursuant to the petitioner's guilty pleas. The petitioner agrees with this calculation. See Docket entry no. 14. Thus, petitioner should have filed his federal petition on or before November 10, 2009. The petitioner filed his federal petition about twenty-one months later, on August 8, 2011. The respondent urges that the petitioner's failure to act sooner is fatal to the petition.

The petitioner argues that his failure to act is excused due to equitable tolling of the

limitations period. As with the procedural default argument, he states that he is a Spanish speaker and was unable to obtain legal references in Spanish and unable to get assistance with translation from Spanish to English. Specifically, he indicates that he was housed at the Pulaski County Jail following the October 2008 entry of guilty pleas. Mr. Rodriquez states the Pulaski County Jail had no Spanish law books. As a result, he did not know of the availability of Arkansas postconviction remedies. Only when the petitioner was transported to the ADC's Varner Unit in mid to late 2009 did he become aware of the Arkansas postconviction remedies. In addition, another inmate at the Varner Unit assisted the petitioner in filing his August 2010 petition to correct sentence in state court. This same inmate has assisted in the filing of this habeas corpus petition, according to both the petitioner and the assisting inmate. Mr. Rodriquez cites *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) and *Diaz v. Kelly*, 515 F.3d 149 (2nd Cir. 2008) to support his argument. The petitioner does not cite any Eighth Circuit Court of Appeals case law, and the Court is unaware of any reported ruling in this Circuit[1] on the issue of whether a deficiency in the English language and the unavailability of Spanish law books can equitably toll the limitations period. As with the procedural default evaluation, however, in some cases it is more efficient to dispense with the equitable tolling analysis and directly consider the merits of the claims. *See, e.g., Trussell v. Bowersox*, 447 F3d 588 (8th Cir. 2006) (bypassing limitations and procedural default analysis in the interest of judicial economy).

**FIRST CLAIM FOR RELIEF:** Mr. Rodriquez first urges that the state failed to inform the petitioner, a non-English speaking alien resident, of the right of postconviction remedy. The petitioner provides the transcript of the guilty plea and sentencing, and our review of the transcript confirms that the trial court did not inform the petitioner of his right to pursue a postconviction

---

[1] *U.S. v. Flores*, 2006 WL 1455565 (W.D. Ark.) (May 24, 2006), an unreported opinion, held that a petitioner's "trouble with English" was not a basis for equitable tolling. *Flores* cited favorably *Montenegro v. United States*, 248 F.3d 585 (7th Cir. 2001) for the proposition that ignorance of the law, language barriers, limited education, or lack of counsel are not circumstances beyond the litigant's control, and therefore not bases for equitable tolling.

remedy. The problem, however, with the petitioner's claim is that he fails to allege that such an omission entitles him to habeas corpus relief. In order to warrant habeas relief, it is necessary to show that a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). So, Mr. Rodriquez must plead and prove that the failure to inform him of postconviction relief violates the Constitution or laws or treaties of the United States. In this instance, he cites no authority for any such violation. The petitioner phrases his claim for relief in such a way that he may be arguing that there was a duty to inform him of postconviction remedies because he did not speak English. He alleges: "The State of Arkansas defaulted on informing Petitioner of that right [Rule 37 postconviction remedy], a right which is time-barred after 90 days from date of sentencing, knowing he was a non-English speaking alien resident." Petition, page 2. This interpretation of the claim does not make a difference. The petitioner still cites no authority for the proposition that a defendant, whether English speaking or not, must be informed of his postconviction remedies when entering a guilty plea. Since the petitioner offers no authority that the constitution requires a defendant to be informed of his postconviction remedies, this claim is without merit.

**SECOND CLAIM FOR RELIEF:** Mr. Rodriquez next argues that the trial court denied him due process when it failed to follow the constitutional requirements when receiving and accepting the guilty plea. Specifically, he urges that the plea was invalid because the trial court failed to determine if the plea was voluntary and intelligent. The transcripts of the guilty plea and sentencing proceedings is instructive. (Petition, pages 22-48). Just prior to the commencement of a jury trial, petitioner's counsel notified the trial judge that a negotiated guilty plea would be entered. (Petition, p. 25). As a result of the two guilty pleas to be entered by the petitioner, the prosecution agreed to nolle pros five other charges and to dismiss an enhancement for use of a firearm. The trial judge, using an interpreter, then addressed the petitioner and informed him that his guilty plea to aggravated robbery exposed him to a term of 10 to 40 years or life. Further, the trial judge informed Mr. Rodriquez that the guilty plea to battery could result in 5 to 20 years and/or

a fine of up to $15,000.00. Mr. Rodriquez affirmed that he understood the possible penalties, that he had discussed the pleas with his attorney, and that he understood the situation. (Petition, p. 26). Mr. Rodriquez had no complaints regarding his attorney. The trial judge explained that the petitioner had the right to a jury trial with the burden of the State to prove guilt beyond a reasonable doubt. In addition, Mr. Rodriquez was told that he "would have the right to testify or to remain silent, to confront and cross examine all witnesses called by the State and to have compulsory attendance of all witnesses you with to have testify on your behalf." (Petition, p. 26). Mr. Rodriquez indicated he understood that he waived his rights by pleading guilty. Mr. Rodriquez stated that he fully understood the charges, that no one had promised, forced, or threatened him in order to obtain the guilty plea, that his attorney had fully explained the plea, and that he was not under the influence of any foreign substance. (Petition, pages 27-28). On questioning by the court, petitioner's attorney stated he knew of no reason why the guilty pleas should not be accepted. The prosecutor then described the factual basis for the plea, stating that Rodriquez demanded money from Hector Martinas and shot Martinas, injuring him. When asked to confirm this account of the events, the petitioner asked to explain to the trial judge that he mistakenly thought Martinas and others with Martinas had robbed Rodriquez' brother and "That's why I don't want to plead guilty." (Petition, page 29). The trial judge took this as a denial of guilt and did not accept the plea, asking the parties to proceed immediately to trial. Rodriquez' attorney asked for another chance to visit with his client. A few moments later, Mr. Rodriquez, again using an interpreter, entered guilty pleas to the charges of aggravated robbery and battery. The trial court again explained the possible penalties, again the rights being waived by entered guilty pleas, and again asked questions to ensure the defendant understood the charges, had consulted his attorney, and was not under the influence of drugs or alcohol. The state offered the factual basis for the guilty pleas, and this time the petitioner agreed that he was guilty of the charges. Specifically, the trial judge asked Mr. Rodriquez, "Did you employ physical force upon these persons for the purpose of committing theft of property?" The trial judge also asked, "If we had a trial, do you feel the State could prove you guilty

6

of aggravated robbery beyond a reasonable doubt?" The petitioner answered yes to both inquiries. (Petition, p. 35). Finally, Mr. Rodriquez agreed that he was pleading guilty because he was guilty and for no other reason. The trial court then inquired about the battery charge, and Mr. Rodriquez stated that he was guilty of this offense, using a "nine" to commit the crime, and agreeing that he was pleading guilty because he was guilty and for no other reason. (Petition, pages 36-37).

A few weeks after the entry of the guilty pleas, a sentencing hearing was conducted. An interpreter was present to assist the defendant. The prosecution called as its sole witness Hector Martinas, who testified that Rodriquez demanded his money on January 25, 2008, prior to shooting him in the leg. Mr. Rodriquez testified on his own behalf, apologizing for shooting Mr. Martinas and stating that he mistaken in identifying Martinas. (Petition, pages 41-44). Following this testimony, the trial judge pronounced the sentence: "On each one of these counts Defendant will be sentenced to 120 months in the Arkansas Department of Corrections. These will be consecutive to each other." (Petition, page 46).

The petitioner filed a motion for correction of sentence in state court, alleging that the trial court erred by failing to indicate whether his sentences were to run consecutively or concurrently. Docket entry no. 11-5. The trial court denied relief, finding that "the docket sheet reflects the defendant was sentenced to one hundred twenty months on each count, to run consecutively."[2] Docket entry no. 11-6.

The petitioner's second claim for relief is a broad attack on the voluntariness of his guilty plea and the manner in which the trial court received the plea, including his contention that the sentences were to run concurrently. There is no merit to the second claim for relief. First, the transcript of the guilty plea and the sentencing hearing disputes the petitioner's assertions. The trial court thoroughly explored the voluntary nature of the plea, explaining the rights waived by pleading

---

[2]The trial court's factual finding regarding the consecutive nature of the sentences is presumed correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner's bare assertion of error falls far short of shouldering his burden.

7

guilty, and inquiring if there were any inducements for the petitioner's acceptance of the plea. The transcript shows that petitioner, who was present with his interpreter and attorney, was afforded due process in the guilty plea proceedings. The process followed by the trial court comports with the United States Supreme Court's rulings on what constitutes due process in this context[3]. *See. E.g., Boykin v. Alabama*, 395 U.S. 238 (1969).

**THIRD CLAIM FOR RELIEF:** The petitioner alleges his counsel was ineffective for advising him to plead guilty and for misinforming him that the sentences would run concurrently. In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984). This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

The petitioner fails to satisfy the two prongs of the *Strickland* analysis. There is no proof that Mr. Rodriquez' attorney told him that the sentences would be imposed concurrently. To the contrary, the trial judge announced in open court that the sentences were to run consecutively, and this pronouncement was met with no objection from the petitioner or petitioner's counsel. Thus,

---

[3]The petitioner also claims the trial court did not comply with Arkansas procedural rules in accepting his guilty plea. This claim is without merit because it does not necessarily implicate the federal constitution, and also because the claim is based upon the petitioner's assertions which are at odds with the version of events shown by the transcripts of the guilty plea and sentencing hearings.

there is no factual basis for finding petitioner's counsel acted unreasonably. Even if we presume the attorney acted unreasonably the petitioner does not demonstrate that the result of the proceedings would have been different had counsel acted otherwise. To prove this, the petitioner must show that he would have risked greater penalties (an aggravated robbery sentence of 10-40 years, or life, the battery sentence of 5-20 years, in addition to five terroristic threatening sentences and an enhancement for using a firearm, all of which could be imposed consecutively) by going to trial on the charges he faced. There is no merit in the third claim.

The petitioner's three claims overlap in many ways. The common thread running through the claims is the contention that the two sentences were to be served concurrently rather than consecutively. The sentencing hearing transcript is clear that the sentences were imposed consecutive to each other. Despite Mr. Rodriquez' urgings, this fact remains. In addition, the guilty plea transcript clearly shows the trial judge conscientiously explaining to Mr. Rodriquez his rights with regard to entering the guilty plea. In summary, the grounds for relief are without merit. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __6__ day of January, 2012.

UNITED STATES MAGISTRATE JUDGE